39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alphonso Buster GILBERT, Jr., Defendant-Appellant.
 No. 93-5903.
 United States Court of Appeals, Fourth Circuit.
 Submitted September 20, 1994.
Decided October 27, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-93-76)
 Allen T. Wilson, Roanoke, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Kenneth M. Sorenson, Asst. U.S. Atty., Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Alphonso Buster Gilbert, Jr., appeals his conviction for possession of crack cocaine with intent to distribute, 21 U.S.C. Sec. 841(a) (1988). The only issue raised by Gilbert is whether the evidence presented by the government was sufficient to establish that he possessed the drugs at issue.
 
 
 2
 In August 1992, Roanoke, Virginia, police officers executed a search warrant at 712 Westwood Boulevard, apartment 112. The officers testified that they were looking for crack cocaine and Gilbert; however, the apartment was unoccupied when the police arrived. Their search recovered the following items: a plastic baggie containing one large piece of crack cocaine (weighing 26.39 grams); eight other plastic baggies containing smaller pieces of crack cocaine (weighing a total of 16.05 grams and which were found inside a man's shirt hanging in the closet); a photograph of Gilbert; a plastic box containing razor blades; a mirror coated with crack cocaine residue; another photograph of Gilbert (shown with two other men), taken inside the apartment; a checkbook in Gilbert's name; an envelope addressed to Gilbert; nine pieces of various paperwork each bearing Gilbert's name; and a video rental receipt, also in Gilbert's name. The apartment was rented in the name of Katina Shepard, Gilbert's girlfriend and mother of their small child--a picture of the three of them was on the chest of drawers in the bedroom of the apartment. Both the apartment manager and the mother of Gilbert's girlfriend testified that Gilbert resided at the apartment, although his name was not on the lease. Gilbert was indicted for possession of crack cocaine with intent to distribute and possession of a firearm in relation to a drug trafficking crime (18 U.S.C. Sec. 924(c) (1988)). A jury trial resulted in an acquittal on the firearms charge and a mistrial on the drug charge. Gilbert was retried on the drug charge and was convicted by a jury. He was sentenced to ninety-seven months imprisonment. Gilbert appeals.
 
 
 3
 This Court reviews the evidence at trial in the light most favorable to the prosecution, Glasser v. United States, 315 U.S. 60, 80 (1942), including all reasonable inferences that can be drawn from that evidence, United States v. Russell, 971 F.2d 1098, 1109 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). It is well established that possession of a controlled substance can be actual or constructive. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993). Constructive possession may be established by either circumstantial or direct evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980). In this case, there was substantial circumstantial evidence that Gilbert resided at the apartment and constructively possessed the drugs found therein. In addition, the quantity and packaging of the drugs supported an inference that Gilbert intended to distribute them. See United States v. Gooding, 695 F.2d 78, 84 (4th Cir.1982).
 
 
 4
 Gilbert relies on one case, United States v. Onick, 889 F.2d 1425 (5th Cir.1989), to support his contention that the evidence was insufficient to establish that he had dominion and control over the premises where the drugs were found. In Onick, the Fifth Circuit reversed a conviction for possession with intent to distribute cocaine because "a reasonable jury could not conclude that Onick exercised dominion and control over the premises or the drugs themselves." Id. at 1429. However, the facts in Onick were significantly different than the case at bar: there was no evidence establishing that Onick lived in the house where the drugs at issue were found and the officers who searched the property testified that they did not expect to find Onick there. Here, by contrast, there was ample evidence that Gilbert resided at apartment 112 and the officers testified that they were looking specifically for Gilbert at the time they executed the warrant.
 
 
 5
 Accordingly, we affirm Gilbert's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED